## Case No. 15,473a.
### UNITED STATES v. JENKINS et al.
[1 N. Y. Leg. Obs. 344.]

Circuit Court, S. D. New York. 1843.

ARREST OF JUDGMENT—ENROLMENT AND LICENSE OF COASTING VESSELS.

Where the crew of an American whaling vessel were convicted of an attempt to revolt on a whaling voyage to the South Seas, and it appeared on the trial that the vessel had not been enrolled and licensed under the act of congress of 1793 [1 Stat. 305], entitled "An act for enrolling and licensing ships or vessels to be employed in the coasting trade and fisheries, and for regulating the same," held, that the case did not come within the operation of the cruising act of 1835 [4 Stat. 776], that the prisoners were improperly convicted, and that they were entitled to an arrest of judgment.

This was a motion in arrest of judgment. The prisoners, who were seamen, and part of the crew of the American ship Georgia, were indicted for endeavoring to make a revolt while employed on a whaling voyage from New London, Connecticut, to the South Atlantic Ocean. The indictment contained several counts charging the commission of the several offences mentioned in the second section of the act of congress of 1835. They severally pleaded not guilty.

On the trial of the case before his honor, Betts, District Judge, evidence was adduced to show that the ship Georgia was a whale ship belonging to the port of New London, Connecticut, where her owners resided; that the defendants belonged to the ship as a part of the crew; that the vessel sailed from New London, Oct. 27, 1838, to go on a whaling voyage to the South Georgia Islands, and elsewhere in the Southern Atlantic Ocean. The charges in the indictment were distinctly proved against all the defendants. Hall. the captain of the vessel, proved that the ship was an American vessel at the time of the shipping of the crew, and then was, and still is, owned by citizens of the United States, residing in New London, and in its vicinity. This evidence was objected to by the defendants' counsel, on the ground that parol evidence could not be given of the ownership of a vessel, but that the bill of sale, or other document, must be produced to establish the ownership and national character of the vessel. The evidence was received, but the objection was reserved for the future opinion of the court. It also appeared, in the progress of the trial, that the vessel had not been enrolled and licensed under the act of congress, approved on the eighteenth day of February, one thousand seven hundred and ninety-three, entitled, "An act for enrolling and licensing ships or vessels to be employed in the coasting trade, and fisheries, and for regulating the same," to carry on the whale fishery, but had been registered under the act of congress approved on the thirty-first day of December, one thousand seven hundred and ninety-two, entitled, "An act concerning the registering and recording of ships or vessels," and had proceeded on her voyage, and made the same, and returned to her original port without any such license. The register of the vessel was kept on board during her voyage, and on her arrival at New London was deposited with the collector at that port.

The defendants' counsel, on this state of the case, asked the court to charge the jury that the voyage carried on in this vessel, without an enrollment and license, according to the acts of congress of the eighteenth of February, one thousand seven hundred and ninety-three, was an illegal voyage, and the vessel could not be deemed an American vessel, that the crew were not bound to go on a voyage, and could not be legally guilty of endeavoring to make a revolt on board of this vessel, under the act of congress of one thousand eight hundred and thirty-five, upon which they stand indicted.

The learned judge charged the jury that the prisoners, composing a part of the crew of the Georgia on the above-mentioned whaling voyage, were in a condition to be guilty of the offence charged in the indictment. That it was not necessary for the ship Georgia to have been enrolled and licensed for the whaling voyage above mentioned, under the act of one thousand seven hundred and ninety-three, but that when she had sailed on the voyage with her register, she was an American vessel, within the meaning of the act of congress under which the defendants were indicted. That it never was intended by any act of congress that whale ships, sailing under a register merely, but not enrolled and licensed, should entirely lose their American character, although it was possible that such vessels might be liable to pay foreign duties upon entering our ports. As this latter point was not involved in the present case, it was not necessary to decide it; in every other respect, said the learned judge, the voyage was a legal one: that this vessel was an American vessel in the sense required by the act upon which the prisoners were indicted. If therefore the jury believed from the evidence, that the defendants had committed the acts charged in the indictment, they ought to find them guilty. But in order to afford opportunity for a more deliberate examination of the acts of congress, it was recommended by his honor, and assented to by the district attorney, and the counsel for the defendants, that if the verdict should be for the United States, that it should be subject to the opinion of the court on the questions of law above stated. The jury brought in a verdict of guilty against all the defendants. [Case No. 15,473.]

A. Nash now moved in arrest of judgment. The learned counsel cited the act of congress of 1789 [1 Stat. 55], and also the act of 1793, and Weston v. Penniman [Case No. 17,455], and contended that inasmuch as the act of congress requires vessels to be regis-

tered for the foreign trade, and licensed for the coasting trade, that without these prerequisites the vessel must be deemed in law an alien and a foreign vessel, and is not included within the crimes act of 1835. § 2; that the provisions of the statute, not having therefore been complied with, the prisoners were improperly convicted. With reference to the character of the vessel, the learned counsel observed that a penalty being imposed by the act of congress upon a person who sailed a vessel without a register or license, the person who held the vessel, or was in possession of it, was holding it contrary to law, and could not claim the protection of the act of congress passed for the protection of owners and officers sailing as an American ship or vessel on the high seas. That the contract in this case for hiring the men to go the voyage contrary to the acts of congress was tainted, and not binding in law, and unless the legal relationship of master and seamen existed, and such a relationship only could be recognized in law, the defendants could not be deemed guilty under the act of congress. Hunt v. Knickerbacker, 5 Johns. 327. The same principle is recognized in De Grot v. Van Duzer, 20 Wend. 390. Wherever a contract is made in contravention of a statute, or contrary to the policy of the law, the same is void. Wheeler v. Russell, 17 Mass. 258. So 10 Barn. & C. 446; Sharpe v. Teese, 4 Halst: [9 N. J. Law] 352; Chit. Cont. 334; Bartlett v. Vinor, Carth. 252; Bluxland, Code Nap. 444. Contracts are void which are opposed to the national policy and institutions.

B. F. Butler, for the United States, contra. The act of congress was directory, and although the owner or the master of a vessel might be liable to incur a penalty or suit for not obtaining a registry or an enrolment and license for a vessel, pursuant to the act of congress, and although a suit might be maintained against such master and owner by the government of the United States, yet it would not affect the crew who had regularly shipped in the ordinary manner to go upon a lawful voyage. The crimes act of 1835 did not except the crews of such vessels out of the penalties of that act. U. S. v. The Pirates, 5 Wheat. [18 U. S.] 185. Mr. Justice Johnson, of the supreme court of the United States, decided that on an indictment for piracy, the national character of a merchant vessel of the United States might be proved without evidence of a certificate of registry. That the national character of the vessel was circumstantial to the crime. He likened the case of a man on board of an American vessel on the high seas taking and carrying away with an intent to steal or purloin the goods of another. In such a case, the question whether the vessel was enrolled or licensed pursuant to the act of congress could not be discussed in an indictment for the offence of stealing upon the high seas.

THOMPSON, Circuit Justice. In the First circuit in the case of U. S. v. Rogers [Case No. 16,189], Judge Story decided that seamen then under an indictment for an endeavor to revolt, who had shipped on board of an American vessel for a voyage on the high seas, and the vessel had sailed without a register or enrolment and license pursuant to the act of congress 1793, could not be convicted; that the case did not come within the crimes act of 1835; and that the crew were entitled to their discharge. This vessel was the brig Troy, belonging to Bristol, Rhode Island. the crew of which were indicted in June, 1838, for an endeavor to commit a revolt. The decision of Mr. Justice Story is in full force and effect in the Eastern circuit, and one cardinal principle pervades the law of the United States courts, viz. that the same should be uniform in the different circuits, and until that decision is reversed, I shall hold the law as expounded thereon to be the law of this circuit. The judgment therefore must be arrested. Judgment arrested.